IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 26-30311-CGB |
| CATHOLIC DIOCESE OF EL PASO, | § | |
| | § | CHAPTER 11 |
| DEBTOR[1] | § | |

ORDER AUTHORIZING THE
EMPLOYMENT AND RETENTION OF
STRETTO, INC. AS CLAIMS, BALLOTING, AND NOTICING AGENT

Considering the *Diocese's Emergency Application for Entry of an Order Authorizing the Employment of Stretto, Inc. as Claims, Balloting, and Noticing Agent* (the "**Application**") filed by the Diocese of El Paso, as debtor and debtor in possession (the "**Diocese**"), and the *Declaration of Sheryl Betance in Support of the Application for Employment of Stretto, Inc. as Claims, Balloting,*

---

[1] The Diocese's address is 499 St. Matthews Street, El Paso, TX 79907. The last four digits of the Diocese's federal tax identification number are 0751.

1

HB: 4899-9934-9387.9

**EXHIBIT 6
Page 1 of 7**

*and Noticing Agent* (the "**Betance Declaration**"), and all other supporting declarations and pleadings filed in connection therewith; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Application having been given under the circumstances; and the Court having found that the opportunity for hearing on the Application was adequate under the circumstances and no other notice need be provided; and the Court having found and determined that the relief sought in the Application is in the best interests of the Diocese, its estate, its creditors, and all parties in interest, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

**IT IS HEREBY ORDERED THAT:**

    1.    The Application is granted as set forth herein.

    2.    Subject to the provisions of this Order, the Diocese is authorized to retain Stretto as the \ Agent effective as of the Petition Date under the terms of the Application as modified by this Order, and Stretto is authorized and directed to perform noticing services and to receive, maintain, record and otherwise administer the proofs of claim filed in the Chapter 11 case, and all related tasks, all as described in the Application. The Diocese is authorized to retain and appoint Stretto as Claims and Noticing Agent as set forth in this Order, and Stretto is authorized and directed to perform noticing and balloting services and to receive, maintain, record, and otherwise administer the proofs of claim filed in this Chapter 11 case, and other related tasks as described in the Application and this Order. The Clerk shall provide Stretto with ECF credentials that allow Stretto to receive ECF notifications and file certificates of service.

3. Stretto shall serve as custodian of court records and, as such, is designated as the authorized repository for all proofs of claim filed in this Chapter 11 case and is authorized and directed to maintain the official claims register for the Diocese and to take such other action as may be necessary to comply with all duties set forth in the Application.

4. Stretto is authorized to take such other action to comply with all duties set forth in the Application authorized by this Order.

5. Notwithstanding sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016, the Diocese is authorized to compensate Stretto in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Stretto and the rates charged for each, and to reimburse Stretto for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Stretto to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

6. Stretto shall maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and serve monthly invoices on the Diocese, counsel for the Diocese, and, upon request, counsel to any official committee appointed in this Chapter 11 case.

7. The parties are directed to meet and confer in an attempt to resolve any dispute which may arise relating to the Engagement Agreement or monthly invoices; provided that the parties may seek resolution of the matter from the Court if resolution is not achieved.

8. Without further order of the Court, pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Stretto under this Order shall be administrative expenses of the Diocese's estate.

9. Stretto may apply its advance to all prepetition invoices, which advance may be replenished to the original advance amount, and thereafter, Stretto may hold its advance under the Engagement Agreement during this Chapter 11 case as security for the payment of fees and expenses incurred under the Engagement Agreement.

10. The Diocese is authorized to indemnify Stretto for only actions caused by the Diocese, not actions caused by Stretto's own act of negligence, as pursuant to this Order.

11. The Indemnified Parties shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement or for any acts caused in whole or party by Stretto, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court.

12. Notwithstanding anything to the contrary in the Engagement Agreement, the Diocese shall have no obligation to indemnify the Indemnified Parties, or provide contribution or reimbursement to the Indemnified Parties, for any claim or expense that is either: (a) judicially determined (the determination having become final) to have arisen from the Indemnified Parties' own negligence, gross negligence, willful misconduct, fraud, bad faith, self-dealing, or breach of fiduciary duty (if any) as provided in this Order; (b) for a contractual dispute in which the Diocese alleges the breach of the Indemnified Parties' contractual obligations if this Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; or (c) of any type for which the Court determines that indemnification, contribution, or reimbursement would not be permissible; or (d) settled prior to a judicial determination under (a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for

4

which the Indemnified Parties should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order.

13. If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in this Chapter 11 case (that order having become a final order no longer subject to appeal), or (b) the entry of an order closing this Chapter 11 Case, the Indemnified Parties believe that they are entitled to the payment of any amounts by the Diocese on account of the Diocese's indemnification, contribution, and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including the advancement of defense costs, the Indemnified Parties must file an application in this Court, and the Diocese may not pay any such amounts to the Indemnified Parties before the entry of an order by this Court approving the payment. If the Indemnified Parties seek reimbursement from the Diocese for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in the Indemnified Parties' own applications, but determined by this Court after notice and a hearing. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by the Indemnified Parties for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Diocese's obligation to indemnify the Indemnified Parties. All parties in interest shall retain the right to object to any demand by the Indemnified Parties for indemnification, contribution, or reimbursement.

14. In the event Stretto is unable to provide the services set out in this Order, Stretto will immediately notify the Clerk and the Diocese's attorney and, upon approval of the Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and the Diocese's attorney.

15. After entry of an order terminating Stretto's services, upon the closing of this Chapter 11 case, or for any other reason, Stretto shall be responsible for archiving all proofs of claim with the Federal Archives Record Administration, if applicable, and shall be compensated by the Diocese in connection therewith.

16. The Diocese and Stretto are authorized to take all actions necessary to effectuate the relief granted by this Order in accordance with the Application.

17. Stretto may not cease providing claims processing services during the Chapter 11 Case for any reason, including nonpayment, without an order of the Court.

18. In the event of any inconsistency between the Engagement Agreement, the Application and this Order, this Order will govern.

19. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

20. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application under the circumstances and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

21. The Dioceses are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

22. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order. The scope of Stretto's services may be altered only on separate motion and further order of this Court.

23. Notice of this Order shall be provided to the core service list pursuant to the Court's *Order Approving the Diocese's Emergency Motion for an Order Authorizing and Approving Special Noticing and Confidentiality Procedures* [Dkt. No. ●].

24. Notwithstanding the terms of the Services Agreement attached to the Application, the Application is granted solely as set forth in this Order and solely with respect to the Services set forth in the services schedule attached to the Services Agreement.

# # #

*Submitted by and Entry Requested by*:

Lynn Hamilton Butler (SBN 03527350)
Email: lynn.butler@huschblackwell.com
Tara T. LeDay (SBN 24106701)
Email: tara.leday@huschblackwell.com
Jennifer Pollan (SBN 24150828)
Email: jennifer.pollan@huschblackwell.com
**HUSCH BLACKWELL LLP**
111 Congress Avenue, Suite 1400
Austin, Texas 78701
Main No. (512) 472-5456
Fax No.  (512) 479-1101

-and-

Francis H. LoCoco, Esq. (TBN 24122830)
Email: frank.lococo@huschblackwell.com
**HUSCH BLACKWELL LLP**
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone     (414) 273-2100
Facsimile      (414) 223-5000

**PROPOSED ATTORNEYS FOR THE DEBTOR
AND DEBTOR IN POSSESSION, CATHOLIC DIOCESE OF EL PASO**