IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 26-30311-CGB |
| CATHOLIC DIOCESE OF EL PASO, | § | |
| | § | CHAPTER 11 |
| DEBTOR[1] | § | |

ORDER (A) APPROVING THE DIOCESE'S PROPOSED
ADEQUATE ASSURANCE OF PAYMENT FOR DIOCESE'S UTILITY
SERVICES; (B) RESTRAINING UTILITIES FROM ALTERING, DISCONNECTING
OR REFUSING THE DIOCESE'S SERVICE AND (C) GRANTING RELATED RELIEF

Considering the *Diocese's Emergency Motion for an Order (A) Determining Adequate Assurance of Payment for Diocese's Utility Services; (B) Restraining Utilities from Altering, Disconnecting or Refusing the Diocese's Service* (Doc. 10, the "**Motion**"),[2] as debtor and debtor-in-possession in the above-referenced chapter 11 cases (the **"Diocese"**), for relief pursuant to sections 105(a) and 366 of title 11 of the United States Code (the "**Bankruptcy Code**") and rules

---

[1] The Diocese's address is 499 St. Matthews Street, El Paso, TX 79907. The last four digits of the Diocese's federal tax identification number are 0751.
[2] Capitalized terms used in this Order shall have the meanings ascribed to them in the Utilities Motion.

HB: 4912-9269-6971.8

**EXHIBIT 9**
**Page 1 of 7**

6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), among others; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found (i) that this is a core proceeding pursuant to 28 U.S.C. § 157(b) and that this Court may enter a final order consistent with Article III of the United States Constitution; (ii) that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and (iii) that the relief requested in the Motion is in the best interests of the Diocese's estate, their creditors, and other parties in interest; and (iv) that the Diocese's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice is needed; and having reviewed the Motion, the First Day Declarations, and all responsive pleadings; and having considered all evidence before the Court on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

    **IT IS HEREBY ORDERED** that the Motion is granted, pursuant to 11 U.S.C. § 366, and that the Utility Companies, as identified on <u>Exhibit B</u> to the Motion, may retain any deposit or other security they have for pre-filing debts as security for both pre-petition and any post-petition debts;

    **IT IS FURTHER ORDERED** that the Diocese shall pay for all post-petition Utility Services it receives by checks or electronically in such amounts as prescribed in the Utility Services' billing statements for post-petition Utility Services (the "**Billing Statements**"). Checks shall be mailed so as to be received by the due dates reflected on the Billing Statements, if not paid electronically;

**IT IS FURTHER ORDERED** that, as to all Utility Services:

a. if the Diocese fails to pay for post-petition Utility Services by the due date as prescribed in the Billing Statements, the Diocese shall have five (5) business days to remedy its failure to pay. The five (5) business days shall begin to run automatically from the due date reflected on the Billing Statements, without any notice obligation on the part of the Utility Companies; and

b. if the five (5) business day period expires without the Diocese having remedied the failure to timely pay a Billing Statement, as a condition to obtaining future Utility Services with respect to the account represented by the past due Billing Statement, the unpaid Utility Company shall have the right to require the Diocese to both (i) pay the past due Billing Statement, and (ii) make a deposit (the "**Post-Petition Deposit**"). The Post-Petition Deposit shall be in an amount equal to the lesser of (i) the average monthly billing for the prior consecutive twelve (12) months, or (ii) the actual billing statement for that account for the month that was not paid timely. The Post-Petition Deposit shall be payable no later than ten (10) business days after the date of the notice from the unpaid Utility Company that demands a Post-Petition Deposit in a specified amount consistent with these Utility Procedures (the "**Post-Petition Deposit Notice**");

**IT IS FURTHER ORDERED** that if, within ten (10) business days of the date of the Post-Petition Deposit Notice, the Diocese has failed to pay both (i) the past due Billing Statement, and (ii) the Post-Petition Deposit, the unpaid Utility Company is free to alter, refuse or discontinue Utility Service to the Diocese with respect to the unpaid account only; if a Utility Company maintains more than one account for the Diocese, the failure to pay for post-petition Utility

Services with respect to one account shall not be deemed a failure to pay for post-petition Utility Services with respect to any other accounts;

**IT IS FURTHER ORDERED** that the Utility Companies shall be entitled to an administrative expense claim, pursuant to section 503(b)(1) of the Bankruptcy Code, for any past due amounts owed by the Diocese for post-petition Utility Services at the time of plan confirmation or at any other relevant claim determination date;

**IT IS FURTHER ORDERED** that the Diocese is authorized to pay all undisputed obligations owed to the Utility Companies for services provided prior to the Petition Date (the "**Gap Period Obligations**"), including (a) unbilled Utility Services, (b) billed Utility Services for which payment is not yet due, and (c) written checks not yet cleared;

**IT IS FURTHER ORDERED** that all applicable financial institutions (the "**Banks**") are hereby authorized to receive, process, honor, and pay all checks presented for payment and to honor all fund transfer requests made by the Diocese related to the obligations identified in this Order, whether such checks were presented or fund transfer requests were submitted prior to, on, or after the Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments;

**IT IS FURTHER ORDERED** that the Banks are authorized to rely on the Diocese's designation of any particular check or fund transfer as approved by this Order, without any duty of further inquiry, and without liability for following the Diocese's instructions;

**IT IS FURTHER ORDERED** that the Diocese is authorized to issue postpetition checks, or to effect postpetition fund transfers, in replacement of any checks or fund transfers that are dishonored as a consequence of this Chapter 11 case with respect to any prepetition amounts owed to the Utility Companies;

**IT IS FURTHER ORDERED** that nothing contained in this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Diocese, (b) a waiver of the Diocese's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code;

**IT IS FURTHER ORDERED** that any request for a Post-Petition Deposit is subject to approval by this Court, and if the Diocese and requesting Utility Company are unable to agree upon a Post-Petition Deposit, the Diocese shall seek a hearing before this Court pursuant to section 366(c)(3)(A). While the request for a Post-Petition Deposit is pending as to the Utility Companies listed on <u>Exhibit B</u> to the Motion, such Utility Companies are hereby restrained from discontinuing, altering, or refusing to provide service to the Diocese;

**IT IS FURTHER ORDERED** that if any Utility Company providing services to the Diocese has not been identified on <u>Exhibit B</u> to the Motion, the Diocese shall serve a copy of the order on the newly-identified Utility Company at the time the Diocese becomes aware of the Utility Company;

**IT IS FURTHER ORDERED** that this order is binding on all Utility Companies, including those newly identified, subject to the right of any newly-identified Utility Company to seek additional adequate assurance of payment in the form of a Post-Petition Deposit;

**IT IS FURTHER ORDERED** that to the extent any provider on <u>Exhibit B</u> does not qualify as a utility under section 366, the Diocese is authorized to pay such provider as a Critical Vendor under the doctrine of necessity, as uninterrupted service is essential to the Diocese's operations;

**IT IS FURTHER ORDERED** that the Final Hearing shall be held on [●], 2026, at [•].m. (Central Time) before the Honorable Christopher G. Bradley, at R.E. Thomason United States Courthouse, Courtroom 4, 511 E. San Antonio Ave., Shreveport, El Paso, Texas 79901, with virtual participation allowed pursuant to this Court's *Notice of Conducting Hearings by Zoom*; and

**IT IS FURTHER ORDERED** the notice of the Motion, as evidenced by the certificate(s) of service filed with the Court, shall be deemed good and sufficient notice thereof, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

**IT IS FURTHER ORDERED** that notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

**IT IS FURTHER ORDERED** the Diocese is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

**IT IS FURTHER ORDERED** that notice of this Order shall be provided to the core service list pursuant to the Court's *Order Approving Diocese's Emergency Motion for an Order Authorizing and Approving Special Noticing and Confidentiality Procedures* [Dkt. No. ●], in addition to the Utility Companies identified in Exhibit B.

# # #

*Submitted by and Entry Requested by*:

Lynn Hamilton Butler (SBN 03527350)
Email: lynn.butler@huschblackwell.com
Tara T. LeDay (SBN 24106701)
Email: tara.leday@huschblackwell.com
Jennifer Pollan (SBN 24150828)
Email: jennifer.pollan@huschblackwell.com
**HUSCH BLACKWELL LLP**
111 Congress Avenue, Suite 1400
Austin, Texas 78701
Main No. (512) 472-5456
Fax No.   (512) 479-1101

-and-

Francis H. LoCoco, Esq. (TBN 24122830)
Email: frank.lococo@huschblackwell.com
**HUSCH BLACKWELL LLP**
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone     (414) 273-2100
Facsimile     (414) 223-5000

**PROPOSED ATTORNEYS FOR THE DEBTOR
AND DEBTOR IN POSSESSION, CATHOLIC DIOCESE OF EL PASO**