IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 26-30311-CGB |
| CATHOLIC DIOCESE OF EL PASO, | § | |
| | § | CHAPTER 11 |
| DEBTOR[1] | § | |

INTERIM ORDER (A) AUTHORIZING THE DIOCESE TO CONTINUE ITS PRE-PETITION INSURANCE PROGRAM AND SATISFY OBLIGATIONS DUE THEREUNDER; (B) AUTHORIZING THE DIOCESE TO RENEW, MODIFY, OR PURCHASE INSURANCE COVERAGE; AND (C) SCHEDULING A FINAL HEARING

Considering the *Diocese's Emergency Motion for Interim Order (A) Authorizing the Diocese to Continue Its Pre-Petition Insurance Program and Satisfy Obligations Due Thereunder; (B) Authorizing the Diocese to Renew, Modify, or Purchase Insurance Coverage; and (C)*

---

[1] The Diocese's address is 499 St. Matthews Street El Paso, TX 79907. The last four digits of the Diocese's federal tax identification number are 0751.

1

HB: 4938-1347-2395.7

**EXHIBIT 10**
**Page 1 of 6**

*Scheduling a Final Hearing* (Doc. 11, the "Insurance Motion"),[2] filed by the Catholic Diocese of El Paso (the "**Diocese**"); the Court having reviewed the Insurance Motion and having considered the statements of counsel and the evidence adduced at the hearing held on [●], 2026, (the "**Hearing**"); and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) notice of the Insurance Motion and the Hearing was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Insurance Motion and at the Hearing establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED** that:

1. The Insurance Motion is GRANTED on an interim basis as set forth herein.

2. The Diocese is authorized, but not directed, to:

   a. continue the Insurance Program, including workers' compensation coverage, automobile coverage, property and liability coverage, and media liability coverage, and to satisfy, in the ordinary course of business, all obligations related thereto, including pre-petition and post-petition premiums, deductibles, self-insured retentions, Brokerage Fees, and other related fees and costs;

   b. pay deductibles and self-insured retentions incurred in the ordinary course of business for claims arising under insurance policies that were in effect at any time during the three-year period immediately preceding the Petition Date;

   c. maintain any letters of credit, certificates of deposit, or other financial instruments supporting the Insurance Program;

---

[2] Capitalized terms used in this Interim Order shall have the meanings ascribed to them in the Insurance Motion.

      d. continue its practice of assessing and collecting reimbursements from Affiliated Entities for their respective portions of insurance costs;

      e. renew, supplement, modify, or purchase insurance policies in the ordinary course of its business;

      f. continue utilizing the Brokers, as identified in the Insurance Motion, and pay all associated fees; and

      g. make insurance payments on behalf of struggling Affiliated Entities as necessary to ensure continuity of the Insurance Program and the uninterrupted provision of religious and charitable services throughout its territory.

3. All applicable financial institutions (the "**Banks**") are hereby authorized to receive, process, honor, and pay all checks presented for payment and to honor all fund transfer requests made by the Diocese related to the obligations identified in this Order, whether such checks were presented or fund transfer requests were submitted prior to, on, or after the Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments.

4. The Banks are authorized to rely on the Diocese's designation of any particular check or fund transfer as approved by this Order, without any duty of further inquiry, and without liability for following the Diocese's instructions.

5. The Diocese is authorized, but not directed, to issue post-petition checks or to effect post-petition fund transfer requests in replacement of any checks or fund transfer requests that are dishonored as a consequence of this Chapter 11 Case with respect to pre-petition amounts approved to be paid by this Order.

6. Nothing contained in this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be construed as: (a) an admission as to the validity

of any particular claim against the Diocese; (b) a waiver of the Diocese's rights to dispute any particular claim on any grounds; (c) a promise to pay any particular claim; (d) the assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (e) a waiver or limitation of the Diocese's rights under the Bankruptcy Code or any other applicable law, including, without limitation, the 1983 Code of Canon Law for the Church, the First Amendment of the United States Constitution, the Constitution of the State of Texas, the Religious Freedom Restoration Act, the church autonomy doctrine, any applicable charitable trust law, or the right to object to disclosure of information.

7. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, this Interim Order shall be effective and enforceable immediately upon its entry. Notwithstanding any objection to the Insurance Motion or this Interim Order, this Interim Order shall remain in effect until further order of this Court. Any subsequent modification or vacatur of this Interim Order shall not invalidate or impair any actions taken pursuant to this Interim Order prior to such modification or vacatur.

8. A final hearing on the Insurance Motion (the "**Final Hearing**") shall be held on [●], 2026, at [•].m. (Central Time) before the Honorable Christopher G. Bradley, at Thomason Federal Building and United States Courthouse, 511 E. San Antonio Ave., El Paso, Texas 79901, with virtual participation allowed pursuant to this Court's *Notice of Conducting Hearings by Zoom*.

9. In accordance with Local Rules, any objections or responses to the relief sought in the Insurance Motion must be filed with the Clerk of this Court no later than [●], 2026, at [•].m. (Central Time).

10. The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

11. The requirements set forth in Bankruptcy Rule 6003 are satisfied by the contents of the Insurance Motion or are otherwise deemed waived.

12. The Diocese is hereby authorized to take all actions it determines are necessary to effectuate the relief granted pursuant to this Interim Order.

13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Interim Order.

14. Notice of this Order shall be provided to the core service list pursuant to the Court's *Order Approving Diocese's Emergency Motion for an Order Authorizing and Approving Special Noticing and Confidentiality Procedures* [Dkt. No. ●].

# # #

*Submitted by and Entry Requested by*:

Lynn Hamilton Butler (SBN 03527350)
Email: lynn.butler@huschblackwell.com
Tara T. LeDay (SBN 24106701)
Email: tara.leday@huschblackwell.com
Jennifer Pollan (SBN 24150828)
Email: jennifer.pollan@huschblackwell.com
**HUSCH BLACKWELL LLP**
111 Congress Avenue, Suite 1400
Austin, Texas 78701
Main No. (512) 472-5456
Fax No.   (512) 479-1101

-and-

Francis H. LoCoco, Esq. (TBN 24122830)
Email: frank.lococo@huschblackwell.com
**HUSCH BLACKWELL LLP**
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone     (414) 273-2100
Facsimile      (414) 223-5000

**PROPOSED ATTORNEYS FOR THE DEBTOR
AND DEBTOR IN POSSESSION, CATHOLIC DIOCESE OF EL PASO**

1

HB: 4938-1347-2395.7

**EXHIBIT 10
Page 6 of 6**