IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 26-30311-CGB |
| CATHOLIC DIOCESE OF EL PASO, | § | |
| | § | CHAPTER 11 |
| DEBTOR[1] | § | |

ORDER AUTHORIZING THE DIOCESE TO PAY WAGES AND
BENEFITS TO ITS PERSONNEL AND TO SATISFY RELATED OBLIGATIONS

Upon consideration of the *Diocese's Emergency Motion for an Order Authorizing the Diocese to Pay Wages and Benefits to Its Personnel and to Satisfy Related Obligations* (Doc. 12, the "**Wage Motion**"),[2] filed by the Diocese of El Paso (the "**Diocese**"); and upon consideration of the *Declaration of Bishop Mark J. Seitz Regarding the Diocese's History, Charitable Mission, and Purpose in Seeking Chapter 11 Relief* and the *Declaration of Gregory J. Watters in Support of*

---

[1] The Diocese's address is 499 St. Matthews Street, El Paso, TX 79907. The last four digits of the Diocese's federal tax identification number are 0751.
[2] Capitalized terms used in this Order shall have the meanings ascribed to them in the Wage Motion.

HB: 4927-5198-8619.13

**EXHIBIT 11**
**Page 1 of 6**

*First Day Motion*; and the Court having conducted a hearing on the Wage Motion on [•], 2026; and the Court having found that (i) it has jurisdiction over the matters raised in the Wage Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Diocese's estate, its creditors, and other parties in interest; (v) proper and adequate notice of the Motion and the hearing thereon has been given and no other or further notice is necessary; (vi) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and (vii) good and sufficient cause exists for granting the relief requested in the Motion pursuant to 11 U.S.C. §§ 105(a), 363, 507(a)(4), 507(a)(5), 541(b)(7), and 541(d), and Federal Rules of Bankruptcy Procedure 6003 and 6004.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

**A.** **General Relief.**

1. The Wage Motion is granted on a final basis to the extent provided herein.

2. The Diocese is authorized, but not directed, to:

    a. pay accrued but unpaid PTO to employees who resign or whose employment is terminated during the pendency of this case, provided that the combination of unpaid wages and accrued PTO for each employee does not exceed the statutory cap under 11 U.S.C. § 507(a)(4); and

    b. continue all leave benefit programs in the ordinary course of business, including PTO, sick leave, bereavement leave, jury duty leave, and FMLA leave.

**B.** **Ordinary Course Payments.**

3. The Court confirms that the following regular payments constitute transactions in the ordinary course of the Diocese's business under section 363(c)(1) of the Bankruptcy Code, which may continue without further Court approval:

**Employee Compensation:**

    a. biweekly wages to Laypersons not exceeding **$72,000** per pay period; and

    b. monthly salaries to Diocesan Clergy totaling approximately **$11,000.**

**Insurance and Benefits:**

    a. monthly employee insurance premiums of approximately **$42,250;**

    b. bi-weekly 403(b) retirement contributions totaling approximately **$34,000** annually;

    c. prescription and medical expense reimbursements pursuant to the Qualified Diocesan Disabled Priests under the Priest Retirement Plan.

**Supplemental Workforce:**

    a. monthly payments to the Independent Contractor (Victim Assistance Coordinator) of approximately **$1,100;** and

    b. monthly seminarian stipends totaling **$1,375**.

**Other Ordinary Course Obligations:**

    a. all payroll taxes, withholdings, and deductions required by law;

    b. business expense reimbursements at IRS standard rates; and

    c. technology and communications expenses of approximately **$500** monthly.

**C.    Payroll Practices and Banking.**

5. The Diocese is authorized to continue all payroll practices and procedures in accordance with its prepetition practices, including:

    a. processing of payroll deductions for employee benefit programs;

    b. withholding and remitting all amounts for taxes, garnishments, employee benefit plan contributions, and other deductions;

    c. maintaining and administering all employee benefit plans and programs; and

    d. processing business expense reimbursements in the ordinary course.

6. All banks and financial institutions upon which checks or other payment orders are drawn in payment of the obligations authorized herein are authorized and directed to receive, process, honor, and pay all such checks and payment orders when presented for payment, provided that sufficient funds are on deposit in the applicable accounts to cover such payments.

7. The Diocese is authorized to issue new postpetition checks or effect new electronic fund transfers on account of the obligations authorized herein to replace any prepetition checks or electronic fund transfer requests that may be dishonored or rejected.

**D.** **Limitations and Reservations.**

8. Nothing in this Order shall be construed to:

   a. authorize the payment of any amounts in satisfaction of bonus or severance obligations except as specifically authorized herein;

   b. authorize any obligations which are subject to section 503(c) of the Bankruptcy Code except as specifically authorized herein;

   c. create or perfect any lien or security interest;

   d. constitute an admission as to the validity, priority, or amount of any particular claim;

   e. constitute a waiver of the Diocese's rights to dispute any particular claim on any grounds;

   f. constitute a promise or requirement to pay any particular claim;

   g. imply or constitute an admission that any particular claim is of a type specified or defined in this Order;

   h. constitute a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or

   i. constitute a waiver of any rights under the Bankruptcy Code or any other applicable law.

9. All persons and entities that receive payments pursuant to this Order shall apply such payments only on account of the obligations authorized herein.

4

HB: 4927-5198-8619.13

**EXHIBIT 11**
**Page 4 of 6**

10. The Diocese shall maintain records of all payments made pursuant to this Order, including the date, amount, category of payment, and identity of the payee.

**E. Additional Provisions.**

11. The requirements set forth in Bankruptcy Rules 6003 and 6004(a) are satisfied by the contents of the Wage Motion or are otherwise deemed waived.

12. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

13. The Diocese is authorized to take all actions necessary to effectuate the relief granted in this Order.

14. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order

15. Notice of this Order shall be provided to the core service list pursuant to the Court's *Order Approving Diocese's Expedited Motion for an Order Authorizing and Approving Special Noticing and Confidentiality Procedures* [Dkt. No. ●].

# # #

*Submitted by and Entry Requested by*:

Lynn Hamilton Butler (SBN 03527350)
Email: lynn.butler@huschblackwell.com
Tara T. LeDay (SBN 24106701)
Email: tara.leday@huschblackwell.com
Jennifer Pollan (SBN 24150828)
Email: jennifer.pollan@huschblackwell.com
**HUSCH BLACKWELL LLP**
111 Congress Avenue, Suite 1400
Austin, Texas 78701
Main No. (512) 472-5456
Fax No. (512) 479-1101

-and-

Francis H. LoCoco, Esq. (TBN 24122830)
Email: frank.lococo@huschblackwell.com
**HUSCH BLACKWELL LLP**
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone      (414) 273-2100
Facsimile       (414) 223-5000

**PROPOSED ATTORNEYS FOR THE DEBTOR
AND DEBTOR IN POSSESSION, CATHOLIC DIOCESE OF EL PASO**