IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 26-30311-CGB |
| CATHOLIC DIOCESE OF EL PASO, | § | |
| | § | CHAPTER 11 |
| DEBTOR[1] | § | |

**INTERIM ORDER (A) AUTHORIZING CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM; (B) AUTHORIZING MAINTENANCE OF EXISTING BANK ACCOUNTS, BUSINESS FORMS, AND SEGREGATED RESTRICTED FUND ACCOUNTS; (C) WAIVING CERTAIN DEPOSIT AND INVESTMENT REQUIREMENTS; AND (D) GRANTING RELATED RELIEF**

Considering the *Diocese's Emergency Motion for Interim and Final Orders (A) Authorizing Continued Use of Existing Cash Management System; (B) Authorizing Maintenance of Existing Bank Accounts, Business Forms, and Segregated Restricted Fund Accounts; (C) Waiving Certain Deposit and Investment Requirements; and (D) Granting Related Relief* (the

---

[1] The Diocese's address is 499 St. Matthews Street, El Paso, TX 79907. The last four digits of the Diocese's federal tax identification number are 0751.

1

HB: 4936-5921-1919.4

**EXHIBIT 12
Page 1 of 5**

"**Cash Management Motion**")[2] filed by the Diocese of El Paso, as debtor and debtor-in-possession (the "**Diocese**"); and the Court having reviewed the Motion and the declaration(s) filed in support thereof; and the Court having conducted a hearing on the Motion on an interim basis; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that notice of the Motion was sufficient under the circumstances; and the Court having found that good and sufficient cause exists to grant the relief requested in the Motion on an interim basis to avoid immediate and irreparable harm to the Diocese and its estate, pursuant to Federal Rule of Bankruptcy Procedure 6003; and after due deliberation and for good cause shown;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on an interim basis as set forth herein.

2. The Diocese is authorized, in the exercise of its business judgment, to continue to operate and maintain its existing cash management system (the "**Cash Management System**"), as described in the Motion, in the ordinary course of business.

3. The Diocese is authorized to maintain and continue using all of its existing bank accounts (the "**Bank Accounts**") at the financial institutions identified in the Motion (the "**Banks**"), and all such Banks are authorized and directed to continue to maintain and service such accounts for the Diocese as debtor-in-possession without interruption.

4. The Diocese is authorized to pay Processing Fees for and to continue its use of Elavon's payment processing services.

---

[2] Capitalized terms used in this Interim Order shall have the meanings ascribed to them in the Cash Management Motion.

5. The Diocese shall, within fourteen (14) days of the date of entry of this Interim Order, request that each Bank retitle the Bank Accounts to reflect the Diocese's status as "Debtor-in-Possession" and include the designation "Case No. 26-[●]-cgb".

6. The Diocese is authorized to continue using its existing business forms, including but not limited to checks, deposit slips, and letterhead, for a period not to exceed thirty (30) days from the Petition Date. The Diocese shall promptly modify its business forms to bear the legend "Debtor-in-Possession" and the bankruptcy case number and shall begin using such forms as soon as practicable.

7. The Banks are authorized and directed to accept, process, honor, and pay any and all checks, drafts, electronic fund transfers, and other payment orders made or issued by the Diocese, whether presented for payment before or after the Petition Date, provided that the underlying obligation is authorized for payment by an order of this Court. The Banks shall be entitled to rely on the Diocese's representations that any such payments are so authorized.

8. The restricted fund accounts identified in the Motion shall be maintained as segregated accounts, and the funds therein shall not be commingled with the Diocese's general operating funds or any other funds of the bankruptcy estate.

9. The Diocese is authorized, in the ordinary course of the Diocese's business, to receive donations that parishioners have made to their respective parishes and accumulate those funds for distribution to specific designated charities as a mere conduit of funds to the charities.

10. The requirements of section 345(b) of the Bankruptcy Code and any applicable U.S. Trustee guidelines are hereby waived to the extent they are inconsistent with the relief granted in this Interim Order.

11. A final hearing (the "**Final Hearing**") on the Motion shall be held on [●], 2026, at [●].m. (Central Time) before the Honorable Christopher G. Bradley, at R.E. Thomason Federal Building and United States Courthouse, 511 E. San Antonio Avenue, Room 444, El Paso, Texas 79901, with virtual participation allowed pursuant to this Judge's *Courtroom and Remote Hearings* procedures.

12. In accordance with Local Rules, any objections or responses to the relief sought in the Motion must be filed with the Clerk of this Court no later than [●], 2026, at [●].m. (Central Time).

13. The notice of the Motion provided by the Diocese is adequate and sufficient for interim relief, and no further notice is required.

14. The 14-day stay imposed by Federal Rule of Bankruptcy Procedure 6004(h) is hereby waived.

15. This Interim Order shall be effective and enforceable immediately upon its entry.

16. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Interim Order.

17. The Diocese will provide notice of this Cash Management Motion to: (i) the Office of the United States for Trustee for Region 7; (ii) the attorneys for the Committee once the committee has been appointed, and until then, (a) the Plaintiffs in abuse lawsuits against the Diocese through their counsel and (b) the Diocese's twenty (20) largest unsecured trade creditors; (iii) those persons who have formally appeared by filing a Notice of Appearance, a Request for Notice, or a similar document and requested notice in this case under Bankruptcy Rule 2002; (iv) the Texas Attorney General's Office; (v) the Diocese's banks and financial institutions, including Weststar Bank through its counsel; (vi) the ad hoc group of abuse survivors through its counsel,

Drew J. Glasnovich; and (vii) to the extent applicable, known counsel to the foregoing. A copy of this Motion and any orders approving it will also be made available on the Diocese's Case Information Website located at https://cases.stretto.com/dioceseofelpaso. The Diocese submits that, in light of the nature of the relief requested, no other or further notice need be given.

# # #

*Submitted by and Entry Requested by*:

Lynn Hamilton Butler (SBN 03527350)
Email: lynn.butler@huschblackwell.com
Tara T. LeDay (SBN 24106701)
Email: tara.leday@huschblackwell.com
Jennifer Pollan (SBN 24150828)
Email: jennifer.pollan@huschblackwell.com
**HUSCH BLACKWELL LLP**
111 Congress Avenue, Suite 1400
Austin, Texas 78701
Main No. (512) 472-5456
Fax No.  (512) 479-1101

-and-

Francis H. LoCoco, Esq. (TBN 24122830)
Email: frank.lococo@huschblackwell.com
**HUSCH BLACKWELL LLP**
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone     (414) 273-2100
Facsimile     (414) 223-5000

**PROPOSED ATTORNEYS FOR THE DEBTOR
AND DEBTOR IN POSSESSION, CATHOLIC DIOCESE OF EL PASO**