IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 26-30311-CGB |
| CATHOLIC DIOCESE OF EL PASO, | § | |
| | § | CHAPTER 11 |
| DEBTOR[1] | § | |

**INTERIM ORDER AUTHORIZING POSTPETITION
USE OF CASH COLLATERAL AND GRANTING ADEQUATE
PROTECTION TO WESTSTAR BANK**

Considering the *Diocese's Emergency Motion for Interim and Final Orders Authorizing Post-petition Use of Cash Collateral and Granting Adequate Protection to WestStar Bank* (the "**Cash Collateral Motion**") filed by the Diocese of El Paso, as Debtor and debtor in possession (the "**Diocese**"); and the Court having conducted an interim hearing on the Cash Collateral Motion (the "**Interim Hearing**"); and it appearing that notice of the Cash Collateral Motion and Interim Hearing was good and sufficient under the circumstances; and the Court having reviewed the Cash Collateral Motion and the record in this Chapter 11 Case and determined that granting the relief

---

[1] The Diocese's address is 499 St. Matthews Street, El Paso, TX 79907. The last four digits of the Diocese's federal tax identification number are 0751.

HB: 4915-1637-0575.7

EXHIBIT 14
Page 1 of 6

requested in the Cash Collateral Motion on an interim basis is in the best interests of the Diocese, its estate, its creditors, and all parties in interest; and after due deliberation and for good cause shown

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. <u>Petition Date</u>. On March 6, 2026 (the "**Petition Date**"), the Diocese commenced its case ("**Chapter 11 Case**") by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code;

B. <u>Debtor-in-Possession</u>. The Diocese continues to operate its business and manage its properties as Debtor and debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, and no trustee or examiner has been appointed;

C. <u>Notice</u>. In light of the circumstances, the Diocese gave due and sufficient notice of the Cash Collateral Motion and Hearing pursuant to the Bankruptcy Rules;

D. <u>Jurisdiction and Venue</u>. This Court has core jurisdiction over the Diocese's Chapter 11 Case, the Cash Collateral Motion, and the parties and property affected by this Interim Order pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409;

E. <u>Statutory Committee Formation</u>. No Committee has been appointed.

F. <u>Diocese's Stipulations.</u> The Diocese is indebted to WestStar pursuant to a term loan (the "**Loan**") evidenced by a Promissory Note dated November 4, 2025 (the "**Promissory Note**"), together with the related Pledge and Security Agreement (the '**Security Agreement**') and the Loan Agreement (the "**Loan Agreement**," and together with the Promissory Note and the Security Agreement, the "**Loan Documents**"). To secure the Loan, WestStar holds a valid and perfected lien on the following account including proceeds, increases, substitutions, and benefits:

a. (i) Money Market account number ending in 6985 established by Diocese with WestStar (the "**Pledged Account**") including all funds, monies and other assets in the Pledged Account, and (ii) all

interest, increases, substitutions, replacements, additions, or dividends derived from the Pledged Account and its funds and assets (collectively, the "**Cash Collateral**").

  b. (i) the interest earned on the Cash Collateral, and (ii) proceeds of the Cash Collateral; are all WestStar's cash collateral within the meaning of 11 U.S.C. § 363(a).

  c. WestStar properly perfected its lien on the Cash Collateral by taking and maintaining possession.

  G. The Diocese has an immediate need to use the Cash Collateral to pay certain expenses in the operation of its business and to pay post-petition interest accruing on the Loan. The use of Cash Collateral as authorized by this Interim Order is only as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

  H. The Diocese and WestStar have reached an agreement for the interim use of cash collateral on the terms and conditions of this Interim Order Authorizing Use of Cash Collateral and Providing Adequate Protection ("**Interim Order**"). Based on the foregoing, the Court is of the opinion this Interim Order should be entered.

**IT IS HEREBY ORDERED THAT:**

  24. The Cash Collateral Motion is granted on an interim basis as set forth herein.

  25. The Diocese is hereby authorized to use Cash Collateral pursuant to the terms of this Interim Order on an interim basis until a final hearing. This authorization to use Cash Collateral shall terminate on the earlier of 1) the date of default by the Diocese of any term of this Interim Order, or 2) the date of a final hearing on the Cash Collateral Motion. All Cash Collateral received by the Diocese shall be deposited into a debtor-in-possession account with WestStar.

  26. The Diocese is authorized to use Cash Collateral, specifically the interest income generated in the Pledged Account, to pay WestStar its monthly interest-only payments on the Loan. Additionally, for so long as the Diocese is in compliance with this Order it is authorized to use WestStar's Cash Collateral for the actual and necessary expenses of operation of the Diocese's business in accordance with the Budget attached hereto as Exhibit A-1, provided that a) the

Diocese may exceed any line item in the budget by 20% and the budget in the aggregate by 15%, b) the Diocese shall first use other funds or sources of cash prior to using the Pledged Account for such expenses of operation, and c) that such use shall be subject to the terms and conditions of this Order.

27. As adequate protection for the Diocese's use of Cash Collateral, WestStar Bank is hereby granted post-petition liens against the same type of property and to the same validity, extent, and priority, as existed in WestStar Bank's favor on the Petition Date, including a post-petition lien on all income, proceeds, interest, and other property acquired or generated on the Collateral by the Diocese and its bankruptcy estate from and after the Petition Date.

28. As additional adequate protection the Diocese is authorized to pay WestStar interest only monthly payments on the Loan due on the 4th day of each month following the bankruptcy petition date.

29. The Diocese will continue to provide all financial reporting to WestStar as required by the Loan Documents.

30. Notwithstanding any provision of this Interim Order to the contrary, nothing in the Interim Order shall constitute or be deemed to constitute a waiver of any rights, remedies, claims or defenses WestStar may have pursuant to the Loan Documents, provided for by the Bankruptcy Code or applicable non-bankruptcy law, including the right to move for relief from the automatic stay, to seek a modification of this Interim Order, or to seek conversion or dismissal of this case.

31. WestStar retains all contractual and statutory rights of setoff with respect to funds, monies and other assets in other checking, savings and deposit accounts with WestStar and the Diocese acknowledges and stipulates to same.

32. A final hearing on the Cash Collateral Motion (the "**Final Hearing**") shall be held on [●], 2026, at [●].m. (Central Time) before the Honorable [judge, and courtroom location], with

virtual participating allowed pursuant to this Court's *Notice Regarding Remote Access to Proceedings*.

33. In accordance with Local Rules, any objections or responses to the relief sought in the Cash Collateral Motion must be filed with the Clerk of this Court no later than [●], 2026, [●].m. (Central Time).

34. The Diocese will provide notice of this Interim Order to (i) the Office of the United States Trustee for Region 7; (ii) the attorneys for the Committee once the committee has been appointed, and until then, (a) the Plaintiffs in abuse lawsuits against the Diocese through their counsel and (b) the Diocese's twenty (20) largest unsecured trade creditors; (iii) those persons who have formally appeared by filing a Notice of Appearance, a Request for Notice, or a similar document and requested notice in this case under Bankruptcy Rule 2002; (iv) the Texas Attorney General's Office; (v) the Diocese's banks and financial institutions as identified on the Diocese's Schedules, including WestStar Bank through its counsel; (vi) the ad hoc group of abuse survivors through its counsel, Drew J. Glasnovich; and (vii) WestStar Bank and (viii) to the extent applicable, known counsel to the foregoing. A copy of this Cash Collateral Motion and any orders approving it will also be made available on the Diocese's Case Information Website located at https://cases.stretto.com/dioceseofelpaso.

# # #

*Submitted and Agreed to By:*

*/s/ Lynn Hamilton Butler*
Lynn Hamilton Butler (SBN 03527350)
Email: lynn.butler@huschblackwell.com
Tara T. LeDay (SBN 24106701)
Email: tara.leday@huschblackwell.com
Jennifer Pollan (SBN 24150828)
Email: jennifer.pollan@huschblackwell.com
**HUSCH BLACKWELL LLP**
111 Congress Avenue, Suite 1400
Austin, Texas 78701
Main No. (512) 472-5456
Fax No.  (512) 479-1101
-and-

-and-

Francis H. LoCoco, Esq. (TBN 24122830)
Email: frank.lococo@huschblackwell.com
**HUSCH BLACKWELL LLP**
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone     (414) 273-2100
Facsimile     (414) 223-5000

**PROPOSED ATTORNEYS FOR THE DEBTOR
AND DEBTOR IN POSSESSION, CATHOLIC DIOCESE OF EL PASO**

**And**

*/s/ James W. Brewer*
James W. Brewer
jim.brewer@kempsmith.com
Kemp Smith LLP
221 N. Kansas, Ste. 1700
El Paso, Texas 79901

**ATTORNEY FOR WESTSTAR BANK**